UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-23449-CIV-MORENO

LISA M. ALI,

    Plaintiff,

vs.

ROYAL PALM MIAMI HOLDINGS, LLC,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 3)**, filed on **January 5, 2009**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED for the reasons set forth in this Order. Defendant shall answer the complaint by no later than **April 21, 2009**.

### I. Background

On December 12, 2008, Plaintiff, Lisa Ali, filed this action against Royal Palm Miami Holdings, LLC for violating the Interstate Land Sales Full Disclosure Act ("ILSA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). On May 22, 2006, Plaintiff signed a contract with Defendant to purchase a condominium unit at Paramount Bay, which is located in Miami, Florida. Plaintiff deposited $141,000 as consideration for the purchase of the unit. Defendant, as part of the process of selling the unit, sent Plaintiff a package of documents relating

to the Paramount Bay project, which included a Property Report and other condominium information.

The claims in this lawsuit derive from alleged deficiencies in the Property Report. Plaintiff is seeking to rescind the condominium purchase agreement under ILSA due to those deficiencies. More specifically, Plaintiff alleges that Defendant failed to include a cost report and an affirmation of the contents of the property report by the developer as required by 24 C.F.R. § 1710.100; 15 U.S.C. § 1707(a) and 1705(12) (requiring Property Reports to contain such information as required by the Secretary of Housing and Urban Development). Plaintiff also alleges that the printed property report failed to contain the names and addresses "of each person having an interest in the lots in the subdivision to be covered by the statement of record and the extent of such interest." 15 U.S.C. § 1705(1). There are two counts for rescission of the agreement based on these violations. Count I seeks rescission under Section 1703(a) for Defendant's failure to provide the necessary information. Count II seeks rescission for alleged fraudulent actions that violate Section 1703(a)(2). Because the Plaintiff alleges there are ILSA violations under 17 U.S.C. § 1703(a)(2), Plaintiff claims there is a *per se* violation of FDUTPA under Florida Statute § 501.201 *et seq.*

Defendant moves to dismiss Plaintiff's ILSA claims arguing that the suit is untimely under the applicable statute of limitations. Royal Palm also seeks dismissal of Plaintiff's FDUTPA claim, contending rescission is not an available remedy under FDUTPA.

## II. Legal Standard

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974.

### III. Legal Analysis

*A. Statute of Limitations*

At issue in the motion to dismiss is the applicable statute of limitations. Plaintiff claims her suit was timely filed in compliance with 15 U.S.C. § 1711's three-year statute of limitations. Plaintiff signed her contract on May 22, 2006 and brought suit on December 12, 2008. Defendant contends that 15 U.S.C. § 1703(c)'s two-year statute of limitations precludes Plaintiff's suit from going forward.

The Court analyzes the competing statutes of limitations to decide which is applicable to this case. The two-year term provides,

> (c) Revocation of contract or agreement at option of purchaser or lessee where required property report **not supplied**
>
> In the case of any contract or agreement for the sale or lease of a lot for which a property report is required by this chapter and the property report **has not been given** to the purchaser or lessee in advance of his or her signing such contract or agreement, such contract or agreement may be revoked at the option of the purchaser or lessee within two years from the date of such signing, and such contract or agreement shall clearly provide this right.

15 U.S.C. § 1703(c) (emphasis added). Plaintiff claims this statute does not apply because she does

not dispute Defendant provided a Property Report. Rather, Plaintiff is challenging the sufficiency of the Property Report. The other relevant provision reads as follows:

> (a) Section 1703(a) violations
> No action shall be maintained under section 1709 of this title with respect to --
> (1) a violation of subsection (a)(1) or (a)(2)(D) of section 1703 of this title more than three years after the date of signing of the contract of sale or lease; or
> (2) a violation of subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) of section 1703 of this title more than three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence.

15 U.S.C. § 1711. Under the plain terms of the statute, the Court finds the three-year statute of limitations applies as there is no allegation that Defendant failed to supply a Property Report. *Thomas Spiegel v. Royal Palm Miami Holdings, LLC*, Case No. 08-60875-CIV-ALTONAGA, (S.D. Fla. Aug. 8, 2008) (finding three-year statute of limitation applied where plaintiff's claim rested on statutory deficiencies in developer's property report).

Defendant urges the Court to follow *Orsi v. Kirkwood*, 1992 WL 511406 (E.D. Va. Apr. 14, 1992) as precedent for the proposition that the two-year statute found in 15 U.S.C. § 1703(c) applies. The plaintiffs in *Orsi,* however, sued because the defendant failed to provide a property report altogether. *Id.*, 1992 WL 511406, at *2. That is not the case here; nowhere in Plaintiff's complaint does she claim Defendant failed utterly to provide the report. The case rests on the deficiencies contained in the report.

The other argument Defendant raises is that Congress did not intend to provide different statutory periods for potential plaintiffs. It is sound reasoning, however, to provide plaintiffs who receive a report more time to file suit because deficiencies may only become apparent in time.

Potential plaintiffs who do not receive a report at all, however, know right away that Defendant failed to comply with the statute. Shortening the limitations period for instances where no report is provided is not illogical as Defendant suggests. Accordingly, the Court denies the motion to dismiss and finds the three-year statute of limitations applicable.

### B. The FDUTPA Claim

Defendant argues the Court should dismiss the FDUTPA claim because rescission is not an available remedy under the act. FDUTPA allows an aggrieved individual to "bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part." Fla. Stat. § 501.211(1). Furthermore, "[i]n any action brought by a person who has suffered a loss as a result of a violation of [FDUTPA], such person may recover actual damages, plus attorney's fees and court costs...." Fla. Stat. § 501.211(2).

The remedy available under FDUTPA is precisely what Plaintiff is seeking in Count III of her complaint. She is seeking a declaratory judgment plus actual damages, attorney's fees, and court costs. Accordingly, the Court denies the motion to dismiss the FDUTPA claim.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of April, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record